RECEIVED
JUL -2 2009
LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

YOUNG BOK SONG
    Plaintiff-Appellant

v.

BRETT M. GIPSON, Det; JOHN DOE,I:
JOHN DOE, II, Police Officers in
Nashville, Tennessee,
    Defendants-Appellees

Case No 09-5480

## PRO SE APPELLANT'S BRIEF

With the Most Respect and Honor;

I, Appellant, Young Bok Song # 379747 pro se, submit this Brief to this Honorable Court, Because the Appellant is the Limited-English Proficiensy(L.E.P.)- Person, as the Korean National, the Appellant request to this Honorable Court to generous on the Appellant's Poor English (the Broken-English, and the Scrambled-English).

The Appellant submit;
(1). The Facts that the Dist. Court Incorrectly Decided: page 1-2,
(2). The Laws that the Dist. Court Wrongfully Applied: page 2-4,
(3). Any Other Reasons Why the Dist. Court's Judgment was Wrong: 4-6,
(4). The Action(s) What I want the Court to take in this Case: page 6,
(5). The Specific Issues that the Appellant wish to Raise on Appeal: 7-11.

Also, the Appellant submitted all the Evidence to the Dist. Court. So the Appellant respectfully request to this Honorable Court to consider those Evidence as an Evidence for this Brief too.

                                        Sincerely,

                                        pro se Appellant Young Bok Song.
                                        June 29, 2009.

1. THE FACTS THAT THE DIST. COURT INCORRECTLY DECIDED.

-The Dist. Court Incorrectly decided concerning the Fundamental Need of Appellant's Language Assistance.

-Appellant was/is a Limited-English Proficiency (L.E.P.). And because of his Inability and/or Limited-Ability, Appellant filed the Motion for the Language Interpreter in the very beginning of this case for the Fundamental Fairness and for the Equal Access to the Justice.

-Appellant, as a Korean National, has the full command in Korean. Only in Korean, the Appellant could understand and express logically, intelligently, and meaningfully. But not in English.

-Not only in the Motion for the Language Interpreter but also in the following Motion for the Mercy and Pleading Appellant presented the evidence and Proof concerning Appellant's Fundamental Need of the Language Assistance for the Fundamental Fairness and for the Equal Access to the Justice.(see Appellant's Motion for the Language Interpreter, Motion for Mercy, Pleading).

-But the Dist. Court, without any evidentiary hearing, against the U.S. Const. Art. III, against the U.S. Const. Amend. Art. V, VI, and XIV, and against 28 U.S.C.A. §§ 1827, 1828, denied the Appellant's Motions for an Interpreter.

-The Dist. Court officially mentioned that the Dist. Court will visit (or re-visit) for checking the Appellant's English Ability or the Appellant's need of English in the Dist. Court's Order (Doc. # 10),but that kind visit was not happened by Dist. Court. And Dist. Court just dismissed Appellant's Petition.

1

—The Dist. Court Incorrectly decided and ordered to L.E.P. Appellant to make the English Composition. (see the Dist. Court's order Doc. # 4)

—Even though with the help of Korean Consular and other Korean helper in free world, L.E.P. Appellant's English Composition was not the level of the Normal English Speaker. But Dist. Court dismissed Appellant's Petition because of the English Language Matter. Dist. Court's dismiss reason was "fail to state a claim upon which relief can be granted" Dist. Court's such dismissal was Incorrect because of the violation of "IN THE LAW AND EQUITY" clause of the U.S. Const. and the violation of "EQUAL PROTECTION OF THE LAWS" clause of the U.S. Const. and the violation of "DUE PROCESS OF THE LAW" clause of the U.S. Const.

—Thus in deciding the Fact and denying the Interpreter, denying Motions, and denying this whole case, the Dist. Court was Incorrect against the U.S. Const. Art. III, Amend. Art. V, VI, and XIV.

2. THE LAWS THAT THE DIST. COURT WRONGFULLY APPLIED.
   - As the U.S. Const. gives the Jurisdiction to the Court "IN THE LAW AND EQUITY", the Body of the LAW must applied in the Spirit of the EQUITY. (see the U.S. Const. Art. III.)

   - And as the PEOPLE gives the U.S. Constitutional power for Jurisdiction, the Jurisdiction must, firstly, consider the Fundamental-Human-Rights. (see the DECLARATION OF INDEPENDENCE OF AMERICA, THE CHARTER OF THE UNITED NATIONS, THE PREAMBLE OF THE U.S. CONSTITUTION, AND THE ART. 5(i) OF VCCR.)

   - As Appellant, many times mentioned on Motions and pleadings, was/is a Limited-English Proficiency (L.E.P.) Alien. And not

2

only because of the Language barrier, but also because of the Cultural Differences and Constitutional Differences, this Appellant was like the situation of Minor who needed help/assist/protection to preserve his Fundamental-Human-Rights which is Inalienable, God-given. (see <u>THE DECLARATION OF INDEPENDENCE OF AMERICA, THE U.S. CONSTITUTION, THE CHARTER OF THE UNITED NATIONS, AND THE V.C.C.R. ART. 5 (i))</u>

- Then, under the <u>"IN LAW AND EQUITY"</u>; which is under the SPIRIT OF THE DECLARATION OF INDEPENDENCE OF AMERICA, under the SAME SPIRIT OF THE CHARTER OF THE UNITED NATIONS, under the SAME SPIRIT OF THE U.S. CONSTITUTION, and under the SAME SPIRIT OF THE VIENNA CONVENTION ON CONSULAR RELATIONS (V.C.C.R), the Dist. Court should not apply <u>Heck v. Humphrey,</u> 512 U.S. 477 (1994). Instead, the Dist. Court should apply <u>Haines v. Kerner,</u> 92 S.Ct. 594 (1972), <u>Castro v. U.S.,</u> 124 S.Ct. 786 (2003), <u>Erickerson v. Pardus,</u> 127 S.Ct. 2197 (2007), and <u>Estelle v. Gamble,</u> 97 S.Ct. 285 (1976) before dismiss the Appellant's Petition who is Tortured-Pro se-L.E.P.-Alien. It says:

> "Allegation of pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers".(on <u>Haines</u> decision).

> "Federal Courts may ignore the legal label that a pro se litigant attaches to a motion and recharacterize the Motion and place it within a different legal category, in order to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." (on <u>Castro</u> decision).

> "<u>A document filed pro se is to be liberally construed,</u> and a pro se complaints, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Fed. Rules Civ. Proc. Rule 8(a)(2), (f), 28 USCA." (on <u>Erickerson</u> decision).

- In Appellant's case, because Appellant was pro se and L.E.P.-Alien, the Dist. Court's <u>Heck</u> applying was inappropriate applying. This <u>Heck</u> applying is harsh and stringent to even

3

the Normal-English-speaking person.

- And because the Appellant was pro se L.E.P.- Alien, and because the Appellant was deprived his Fundamental-Human-Rights, the God-given Inalienable, which is in the Declaration of Independence of America and in the Charter of the United Nations and in the V.C.C.R., Appellant made claim under 28 USCA § 1350. But the Dist. Court wrongfully not applying any of these laws. (see Appellant's pleadings presented to Dist. Court).

- And because the Appellant was pro se L.E.P.-Alien, and because the Appellant's deprivation of rights was not only International Treaty violation but also the U.S. Constitutional violation, the Dist. Court should apply these <u>SUPREME LAW IN THIS LAND</u> (U.S. Const. Art. VI), VCCR, 28 C.F.R. § 236.1, 8 C.F.R. § 50.5. But Dist. Court wrongfully did not apply any of these laws.

- And because the Appellant was pro se L.E.P.-Alien, thus, in the United States, everything was new, different, and strange in the thought of Appellant. So the Appellant was at the situation of <u>MINOR</u> (in Language, in Culture, and in Constitutional Differences). So the Appellant made claim under 18 USCA § 5033. But the Dist. Court wrongfully did not apply this law. (see the Appellant's Pleadings).

- Thus, the Dist. Court did wrongfully applied the law against the international law, against U.S. Const.. And also the Dist. Court did wrongfully not applying the appropriate laws against the international law, against U.S. Const..

3. ANY OTHER REASONS WHY THE DIST. COURT'S JUDGMENT WAS WRONG.
- In Language Differences, in Cultural Differences, and in Constitutional Differences, the Appellant was one of

4

Incompetent person in front of American Judicial System regardless of his physical age. The Appellant was in need of the language help, American-Law legal help to preserve his Fundamental-Human-Rights, the Rights God-given an Inalienable (see the Declaration of Independence of America, the Charter of the United Nations, the V.C.C.R., and the U.S. Constitution.).

And the Appellant's Main Claim was that because of his Incompetent his such rights were deprived. And deprived even the U.S. Constitutional rights. And Deprived the Fair Trial. And finally resulted L.E.P.-Alien Torture by depriving everything visible and invisible. All of these was ignited by the Federally-assisted-State-Authorities' <u>SUPREME LAW VIOLATION.</u>

- Along with above claim, the Appellant was attaching, addressing, and quoting the related Spirit, Declaration, Charter, Constitution, Treaties, Statutes, Laws, and More. (see the amount and volume that the Appellant present to the Dist. Court.).

- Along with claims and grounds, the Appellant stated the requesting Relief; the Declaratory Injunctive Relief and the Monetary Relief according to the U.S. Const. the "Just-Compensation Clause", and the "Law and Equity Clause".

- As a Pro se and L.E.P.- alien, without language assist, according to his LIMITED-ENGLISH PROFICIENCY, even with the BROKEN-ENGLISH and SCRAMBLED-ENGLISH, because the Dist. Court denied the language assist, (1)stated the claims (2)stated the grounds (3)stated the relief according to the Dist. Court's order. That was best what the Appellant could do without the assist of Interpreter and without the assist of Lawyer. But <u>the Dist. Court could not understand the Appellant's Limited-English.</u> And said that the Appellant "failed to state a claim

5

upon which relief can be granted". Thus, in this situation, the Appellant need Interpreter to explain or the Dist. Court need Interpreter to understand for the Jurisdiction (Juris=Justice=No discrimination=Equity, Dictio=selection of saying=Law).

- The Dist. Court wronged to consider the Fundamental-Importance of the Equal Opportunity in the U.S.'s Common Language, Official Language, Legal Language, the English. And the Dist. Court wronged to ensure to remove every possible language barrier for the Fundamental Fairness and for the Equal Access to the Justice. (see the "Law and Equity Clause" in U.S. Const. Art. III, the "Due Process Clause" in U.S. Const. Amend. Art. V,XIV, the "Equal Protection Clause" in U.S. Const. Amend. Art. XIV.)

4. THE ACTION(S) WHAT I WANT THE COURT TO TAKE IN THIS CASE.
- As many times mentioned, the Appellant was not a Lawyer but a Pro se and L.E.P.-alien. So, the Appellant's want is, first, to be assisted in Language and in Legal Matter for the U.S. Const. Rights; "In Law and Equity", "Due Process of the Law", "Equal Protection of the Laws", "Equal Access to the Justice", and "The Fundamental Fairness".

Second, because the Appellant stated the Fundamental Human Right Claim under the existing available Laws and Grounds, and because the Appellant requested the Relieves under the existing available Laws, thus the Appellant want is to be provided with a Lawyer to working out in the level of American Judicial level in meaningful way.

- Thus, the Appellant wants are to Reverse Dist. Court's Decision and Remand this case for Evidentiary Hearing with the assist of Interpreter and Lawyer for the available remedies.

5. THE SPECIFIC ISSUES THAT THE APPELLANT WISH TO RAISE ON APPEAL.

(A)- When the Appellant, as a Pro se and L.E.P., have the Language Difficulties, and the Appellant submitted the Fundamentally prejudiced claims, because of the Federally Assisted Authorities' violation of the Laws, and requested the Relief under the Laws, whether it is the Dist. Court's duties to questioning the Appellant concerning the Appellant's English ability under 28 U.S.C.A. §§ 1827 & 1828 before deny the Appellant's Motion and Petition and Pleading for the Fundamental Fairness and for the Due Process of the Laws and for the Equal Protection of the Law under the Constitution of the United States of America.

(B)- When the Appellant, as a Pro se and L.E.P., have the Language Difficulties, Cultural Misunderstandings, and Lack of Resources, thus Incompetent in Over-all Way, whether it is the Dist. Court's Duties to have the hearing concerning the Appellant's Competency under 18 USCA § 5033, 42 USCA §§ 1981 & 2000d, and under the Fed. Rules of Civ. Procedure Rule 17(c) before dismiss the Appellant's case because of the Language Stating Failure, if any, under the Constitution of the United States of America for the Fundamental Fairness, for the Due process of the Law, and for the Equal protection of the Laws.

(C)- When the Appellant, as a Pro se and L.E.P., like 10 years old Minor in English Language, in American Culture, and in American Law system, have no basic knowledge about American Legal system and proceedings and rules and such, requested the Counsel's Assist for the Fundamental Fairness because of his Incompetency and Inability, whether it is the Dist. Court's duties to have the hearing and appoint a Counsel for the Fundamental Fairness, for the Due process of the Law, and for the Equal protection of the Laws under the 28 USCA § 1915(e)(1) and under the Constitution of the United States of America.

7

(D)- In the Appellant's case, when the Appellant, as a Pro se and L.E.P., who is unable to preserve his own Fundamental-Human-Rights which is God-given Inalienable, presented the Evidence concerning his Unableness and Limited Ability in English, then whether it is the Dist. Court's Duties to examine the Appellant's Pleadings Liberally under the Haines v. Kerner, 92 S.Ct. 594 (1972) and under Castro v. U.S., 124 S.Ct. 786 (2003) and under Erikerson v. Pardus, 127 S.Ct. 2197 (2007) and under Estelle v. Gamble, 97 S.Ct. 285 (1976) instead of under the Heck v. Humphrey, 512 U.S. 477 (1994) for the Fundamental Fairness, for the Due Process of the Law, and for the Equal Protection of the Law under the Constitution of the United States of America.

(E)- When the Liberty is the God-given, Inalienable, and one of the Fundamental-Human-Right as the Declaration of Independence of America explaining ("We Hold" clause), and as the very same Spirit of United States Who gives the Const. Power and Rights; and when the exact same Inalienable-Fundamental-Human-Rights were declared Universally in the Universal Declaration of Human Rights in preamble and in the Charter of the United Nations, as the very Spirit forming the International Common Laws and Principles; so, and, when the exact same Fundamental-Human-Rights really became the Purpose and Principle of the Charter of the United Nations and the Statues of the International Court of Justice; so, and, if the exact same Fundamental-Human-Rights were Re-Confirmed in the International Treaties; then, Whether the "Rights" in V.C.C.R. Art. 5(i) which need be preserved and defended is the exact same Fundamental-Human-Rights the God-given Inalienable. And whether this "Rights" in V.C.C.R. Art. 5(i) is Fundamentally needful to be preserved under the Declaration of Independence and under the Constitution of the United States of America for the Fundamental Fairness, for the Due process of the Law, and for the Equal protection of the Law.

8

(F)- According to the plain Language in the V.C.C.R. Art. 5(i), whether the "Rights" God-given, in there, is not the same "Rights" in V.C.C.R. Art. 36 which is Treaty-given Rights. Then whether it is Fundamentally needful to be preserved this God-given Fundamental-Human-Rights under the Constitution of the United States of America for the Fundamental Fairness, for the Due process of the Law, and for the Equal protection of the law.

(G)- Whether the "Rights" Treaty-given in V.C.C.R. Art.36 is the "Rights" to ensure the "Rights" God-given in V.C.C.R. Art. 5(i). And whether this "Treaty-given Rights" need be enforceable which require all judge should boundby for the nature of to ensure the "God-given Rights" under the Constitution of the United States of America for the Fundamental Fairness, for the Due process of the Law, for the Equal Protection of the Law, and for the Supreme Law of the Land.

(H)- When the V.C.C.R. was made under the Authorities of the United States, then whether this V.C.C.R. really need be the Supreme Law of the Land. And whether the Judges in every State shall be bound thereby. And whether anything to the Contrary can-not-with-stand under Art. VI of the Constitution of the United States of the America according to the submitted evidences.

(I)- When the Federally-Assisted-Authorities violated the V.C.C.R. Art. 36 "Rights"-Treaty-given-Rights-(the-Consular Notification), so the Authorities automatically violated the V.C.C.R. Art. 5(i) "Rights" God-given Rights, then whether this violation consist the Human-Torture because of the deprivation of Fundamental-Human-Rights and because that Human was unable to preserve his/her own Rights to be free and because that Human was unable to defend his own Rights to be

9

free, the Liberty. (see the Declaration of Independence of America, V.C.C.R. Art. 5(i))

(J)- When above (I) was happened to the L.E.P.-Alien, and that L.E.P.-Alien deprived everything he had visible and invisible because of the Authorities' violation, and had to go through in all suffering visible and invisible, then whether it consist the L.E.P.-Alien Torture under 28 U.S.C.A. § 1350 and under 42 U.S.C.A. § 1983 under the Constitution of the United States of America.

(K)- Because of (I) violation, when the Unabled-Human was deprived U.S. Const. Rights in Amend. Art. IV, V, VI, XIV, deprived "Fair Trial", "Meaningful Confrontation", "Due process of the Law", and "Rights of Accused", and resulted in Fundamental Prejudice, whether it consist the Const. claim which deserve relief with the assist of the Counsel and Interpreter for the Fundamental Fairness and for the further proceeding meaningfully under the Constitution of the United States of America.

(L)- In the violation (I), when the Federally-Assisted-State's Authorities have No guide-line to follow to ensure the Fundamental-Human-Rights, and keep in violation, then whether it is Fundamentally needful to this Honorable Court to Order the Declaratory Injunctive Order to prevent the Federally-Assisted-State's Authorities under the Constitution of the united States of America.

(M)- In violation (I), when that L.E.P. person deprived Liberty and Property visible and invisible include his Ministry Dream(plan), then whether it consist the Const. claim which deserve the Just Compensation under the Amend. Art. V of the United States of America Constitution.

(N)- In violation (I), when that L.E.P. person deprived the U.S.

10

Const. Rights, such as Fundamentally needful for the Fundamental Fair Trial, and Convicted because of the Lack of the Fundamental Fairness, then Whether it is Fundamentally needful to this Honorable Court to Order to Vacate the Unconstitutional Conviction because of the Lack of the Fundamental Fairness under the Constitution of the United States of America.

Pro se Appellant's Brief ends here.

Sincerely,

pro se Appellant Young Bok Song.
June 29, 2009.

US.Court of Appeals, 6th Circuit
Circuit CRT Clerk . Leonard Green
Potter Stewart Courthouse
100 E. 5th Street
Cincinnati, OHIO 45202